IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRISCILLA ARCHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 3:07-cv-1485-M |
| | § | |
| UNITED TECHNOLOGIES CORPORATION, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Priscilla Archer's Motion for Prejudgment Interest and for Final Judgment [Docket Entry #77]. For the reasons below, the Motion is **GRANTED**.

*Background*

The facts of this case are set out in detail in the Court's Memorandum Opinion and Order of March 3, 2009, and are summarized as follows. Archer, who suffers from severe narcolepsy, applied for Short Term Disability (STD) and Long Term Disability (LTD) benefits pursuant to her employer's disability benefits plan. Her claim was denied by her employer's claim administrator, Life Insurance Company of North America (LINA), which stated that Archer did not provide objective medical evidence to support her claim, as the plan required. With its denial, LINA gave examples of medical tests that could provide objective medical evidence to support Archer's claim. Archer sought out a neurologist, who performed the tests LINA cited, and then Archer provided the results to LINA, along with the neurologist's conclusion that she had disabling narcolepsy. Without having a neurologist or sleep specialist review the tests, LINA denied the appeal and supported its holding with a summary justification that did not reference the tests.

1

The Court's Memorandum Opinion and Order of March 3, 2009, held that LINA abused its discretion in denying Archer's STD appeal, and remanded the appeal for proper consideration. The Court remanded the LTD claim for evaluation consistent with the plan. Defendant then paid Archer's accrued STD and LTD benefits, through July 31, 2009. Defendant also paid Archer a negotiated amount of prejudgment interest on her STD benefits. Archer now seeks $2,860.98 in prejudgment interest on her LTD benefits.

*Legal Standard*

The district court may award prejudgment interest on ERISA benefits.[1] Awarding prejudgment interest furthers the purposes of ERISA by encouraging plan providers to resolve disputes quickly and fairly, thus avoiding the expense and difficulty of federal litigation.[2] "When benefits are paid only after the date on which the beneficiary was entitled to receive them under the terms of the plan, the beneficiary has not received the full value of what was promised and, to the same degree, the plan has realized an unjust enrichment (assuming the lateness was unjustified). An award of interest in such circumstances serves as an equitable make-whole remedy."[3]

Since there is no federal statute governing prejudgment interest, state law guides the district court's assessment of prejudgment interest on ERISA claims.[4] The district court has

---

[1] *See Transitional Learning Ctr. at Galveston v. Metro. Life Ins. Co.*, 100 F.3d 953, No. 96-40154, 1996 WL 625412 at *3 (5th Cir. Oct. 19, 1996).
[2] *See Hansen v. Continental Ins. Co.*, 940 F.2d 971, 984 n.11 (5th Cir. 1991).
[3] *See Dunnigan v. Metro. Life Ins. Co.*, 277 F.3d 223, 229 (2d Cir. 2002); *see also Coxson v. Commonwealth Mortgage Co. of Am.*, 43 F.3d 189, 192 (5th Cir. 1995) ("The Supreme Court stated that prejudgment interest 'is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness. It is denied when its exaction would be inequitable.'") (quoting *Blau v. Lehman*, 368 U.S. 403, 414 (1962)).
[4] *See Hansen*, 940 F.2d at 984. *See also Humphrey v. United Way of Texas Gulf Coast*, No. H-05-758, 2008 WL 5070057 at *8 (S.D. Tex. Nov. 20, 2008); *Carrabba v. Randalls Food Mkts.*, 145 F. Supp. 2d 763, 775 (N.D. Tex. 2000) (McBryde, J.), *aff'd*, 252 F.3d 721 (5th Cir. 2001).

discretion to select an equitable rate of prejudgment interest.[5] The issue presented here is whether such an award is appropriate despite the fact that this Court did not itself calculate and award the amount of benefits due.

In *Collinsworth v. AIG Life Insurance Co.*, the court awarded prejudgment interest on a claim arising under ERISA for long-term disability, despite the fact that AIG ultimately calculated and awarded the plaintiff's benefits.[6] After Collinsworth suffered a fall, he began to suffer excruciating pain and was placed on short term disability.[7] AIG then denied Collinsworth's claim for disability, interpreting the plan to contain an exclusion for preexisting conditions.[8] Finding that the plan did not contain an exclusion for preexisting conditions and that AIG's factual findings were insufficient to support its denial, the district court remanded for AIG to reconsider its decision.[9] On remand, the administrator again denied Collinsworth's claim,[10] but the Appeals Committee reversed the denial, and paid Collinsworth's claim in full.[11]

Because Collinsworth was erroneously denied benefits for a number of months, this Court awarded prejudgment interest,[12] setting the rate at 8.25% per annum, which was the rate of interest effective on the date of payment, under Texas Finance Code § 304.003(c)(1).[13] The court did not compound the prejudgment interest.[14]

*Analysis*

---

[5] *See id.*
[6] No. 3:04-CV-1397-M, 2007 WL 4965041 (N.D. Tex Feb. 27, 2007) (Lynn, J.), *aff'd*, No. 07-10043, 2008 WL 510027 (5th Cir. Feb. 26, 2008).
[7] *See Collinsworth v. AIG Life Ins. Co.*, No. 07-10043, 2008 WL 510027 at *1 (5th Cir. Feb. 26, 2008).
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *See Collinsworth*, 2007 WL 4965041 at *2.
[13] *Id.* Texas Finance Code § 304.003(c) sets the prejudgment interest rate at the postjudgment interest rate. During the relevant period, the postjudgment rate was the prime rate as published by the Board of Governors of the Federal Reserve System. Historical rates are available on the website of the Office of Consumer Credit Commissioner of Texas. *See* http://www.occc.state.tx.us/pages/int_rates/Index.html (last visited Aug. 28, 2009).
[14] *Id.* (citing *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 532 (Tex. 1998)).

The Court's March 3, 2009 Memorandum Opinion and Order denied Archer's motion for LTD benefits because the claim was premature. On remand, LINA determined that Archer was entitled to LTD benefits under the plan. Defendant does not now challenge the award to Archer of LTD benefits under the plan. The sole remaining issue is whether Archer should be awarded prejudgment interest on her LTD benefits.

It is immaterial that the Court did not order the payment of LTD benefits.[15] "The award of prejudgment interest 'is based on the equitable grounds that an injured party should be made whole.'"[16] Defendant argues that it did not unlawfully withhold funds, and that it did not deny Archer's claim for LTD benefits once submitted. Under the terms of the plan, Defendant would not have addressed the LTD benefits claim until after there was a finding that Plaintiff was "unable to perform all material duties of any occupation." That determination was delayed by LINA's denial of Archer's claim for short-term benefits. LINA's reviewing physician, Dr. Mendez, found "no documentation of significant measured physical, cognitive, or psychological limitations" with no analysis of why Archer's MSLT results and the diagnosis of Dr. Greenfield, a board certified neurologist, did not constitute evidence of such limitations. But for LINA's abuse of discretion, Archer's STD benefits would have transitioned into LTD benefits several years earlier. To ensure that Archer receives the full value of her LTD benefits, the Court **GRANTS** Plaintiff Priscilla Archer's Motion for $2,860.98 in prejudgment interest.[17]

*Conclusion*

---

[15] *See id.*; *see also Fotta v. Trustees of United Mine Workers of America, Health & Retirement Fund of 1974*, 165 F.3d 209, 210-14 (3d Cir. 1998).

[16] *See Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1330 (5th Cir. 1994) (quoting *Matthews v. DeSoto*, 721 S.W.2d 286, 287 (Tex. 1986)).

[17] *See* Pl.'s Mot. Ex. K-L. As it did in *Collinsworth*, the Court applies the postjudgment rate under Texas Finance Code § 304.003(c). Multiplying Archer's accrued monthly LTD benefits by the applicable monthly postjudgment interest rate under Texas Finance Code § 304.003(c) yields the total payable incremental interest, which from January 1, 2007 until July 29, 2009 is $2,860.98.

4

Having found that Plaintiff is entitled to prejudgment interest on her LTD benefits, the Court **GRANTS** Plaintiff's Motion and awards Plaintiff $2,860.98.  The Court **GRANTS** Plaintiff's Motion for Final Judgment, without prejudice to any rights Plaintiff may have to seek ongoing LTD benefits beyond July 31, 2009.  The Court will address Plaintiff's prayer for attorney's fees and court costs when ruling on Plaintiff's Amended Motion for Attorney's Fees [Docket Entry # 79].

**SO ORDERED**.

September 1, 2009.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS